**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALEJANDRO RAMIREZ BEAZ,

Petitioner

v.

TODD BLANCHE, et a.,

Respondents

Case No.: 2:26-cv-02358-APG-EJY

**Order Granting (1) Motion for Leave to Proceed in Forma Pauperis and (2) Amended Petition for Writ of Habeas Corpus**

[ECF Nos. 8, 9]

Petitioner Alejandro Ramirez Beaz is a noncitizen who has been held in custody by Immigration and Customs Enforcement (ICE) since July 2026 without receiving a bond hearing despite asking for one. ECF No. 8 at 4-5. He filed a petition for a writ of habeas corpus seeking his release or alternatively a bond hearing. *Id.* The respondents filed a response indicating that Beaz is subject to a final order of removal and he is still in the initial removal period, so his detention is lawful.[1] ECF No. 13. But Beaz alleged in his petition that he had appealed the immigration judge's removal order and he attached that appeal to his petition. ECF No. 8-6. He thus is not subject to a final order of removal. *See* 8 U.S.C. § 1231(a)(1)(B) (stating that the removal period does not begin until the "date the order of removal becomes administratively final"). The respondents did not otherwise respond to the petition, including Beaz's request for release. I therefore grant the petition and order his release.

I THEREFORE ORDER respondent John Mattos to release petitioner from the custody of CoreCivic on Friday, October 2, 2026 no later than 1:00 p.m. The respondents must transport Beaz to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must

[1] The government also argues I lack jurisdiction over Beaz's petition. I have rejected this argument many times over. *See, e.g.*, *Rodriguez v. Mullin*, No. 2:26-CV-00531-APG-NJK, 2026 WL 895685, at *2 (D. Nev. Apr. 1, 2026)

advise Beaz's counsel of the estimated time of release for coordination purposes at least one hour before he is released.

I FURTHER ORDER that the respondents return all of Beaz's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Beaz during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1).

I FURTHER ORDER that respondents are PERMANTENTLY ENJOINED from denying Beaz the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

I FURTHER ORDER that petitioner Alejandro Ramirez Beaz's unopposed motion for leave to proceed in forma pauperis **(ECF No.9) is GRANTED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 1st day of October, 2026.



ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE